# IN THE COURT OF APPEALS OF IOWA

No. 17-1174
Filed September 26, 2018

**IN THE INTEREST OF M.S.,**
**Minor Child,**

**S.R., Mother,**
        Petitioner-Appellee,

**C.S., Father,**
        Respondent-Appellant**.**

_____

Appeal from the Iowa District Court for Marion County, Thomas W. Mott, Judge.

A father appeals the juvenile court's decision to terminate his parental rights in a private termination action. **REVERSED AND REMANDED.**

Blake D. Lubinus of Lubinus Law Firm, PLLC, Des Moines, for appellant father.

Mark A. Simons of Simons Law Firm, PLC, West Des Moines, for appellee mother.

Aida E. Bogaczyk of Bogaczyk Law Firm, PLLC, Clive, guardian ad litem for minor child.

Heard by Danilson, C.J., McDonald, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**SCOTT, Senior Judge.**

A father appeals the juvenile court's decision to terminate his parental rights in a private termination action. We determine the order terminating the father's parental rights must be reversed because the father was not adequately informed of his right to counsel. We remand to the juvenile court, where proper notice should be served on the father and proof of the service of notice placed in the record, prior to any rehearing on the merits of the petition to terminate his parental rights. On remand, if the father requests the assistance of counsel and is financially unable to employ counsel, then counsel should be appointed for him.

## I.     Background Facts & Proceedings

S.R., mother, and C.S., father, were previously married and are the parents of M.S., born in 2009. Under the parties' dissolution decree, they had joint legal custody of the child, with S.R. having physical care. C.S. was granted visitation with the child and ordered to pay child support.

On April 13, 2017, S.R. filed a petition seeking to terminate C.S.'s parental rights under Iowa Code chapter 600A (2017). On April 27, the district court filed an "Order Setting Hearing," which set the hearing date for June 8. The order included the following notice:

> The Court has ordered you to appear at a hearing regarding the termination of your parental rights. At the hearing, the court may terminate your parental rights. You have the right to be represented by an attorney at the hearing. If you cannot afford to hire an attorney, one may be provided to you at public expense, if you qualify. If you want to apply for a court-appointed attorney, you must complete and file with the court an affidavit of indigency (lack of funds) and personally present it to a Judge of the Marion County Courthouse before the scheduled hearing.

The order states, "The Petitioner shall personally serve the Father with a copy of this Order."

C.S. signed an acceptance of service the same day, stating he received the original notice and petition for termination of his parental rights. The record does not indicate C.S. was personally served with the "Order Setting Hearing."

C.S. represented himself in the juvenile proceedings. He appeared for the scheduled hearing on June 8.[1] The court determined C.S.'s rights should be terminated under section 600A.8(3)(b) because he did not maintain substantial and continuous contact with the child and did not financially support her. The court also found termination of C.S.'s parental rights was in the child's best interests.

C.S. filed a motion to reconsider, asking the court to "Order a retrial based on the new evidence and appoint me a court appointed attorney which I was never made [aware] I could have for free since I couldn't afford a lawyer and had to represent myself." The court denied the motion to reconsider. C.S. now appeals.

## II.     Standard of Review

Our review in private termination proceedings is de novo. *In re G.A.*, 826 N.W.2d 125, 127 (Iowa Ct. App. 2012). We give deference to the factual findings of the juvenile court, especially those relating to the credibility of witnesses, but we are not bound by the court's findings. *In re R.K.B.*, 572 N.W.2d 600, 601 (Iowa 1998).

---

[1]     We note it would be the better practice for the court to inquire at the beginning of a private termination hearing where one of the parties is not represented by counsel if the party was aware of the statutory right to be represented by counsel at the hearing.

### III.    Service of Notice

C.S. claims he was not informed of his right to court-appointed counsel for the termination proceedings.  C.S. represented himself during the termination hearing.  He raised the issue concerning his right to court-appointed counsel in his motion to reconsider, where he requested a retrial and asked the court to appoint counsel for the retrial, stating he had not been aware of his right to counsel.

Section 600A.6A provides:

> 1. Upon the filing of a petition for termination of parental rights under this chapter, the parent identified in the petition shall have the right to counsel in connection with all subsequent hearings and proceedings.
> 2. If the parent against whom the petition is filed desires but is financially unable to employ counsel, the court shall appoint counsel for the person if the person requests appointment of counsel and the court determines that the person is indigent.

Under this section, there is a statutory right to court-appointed counsel in private termination cases under chapter 600A if the parent "is financially unable to employ counsel."  Iowa Code § 600A.6A; *see also Crowell v. State Pub. Def.*, 845 N.W.2d 676, 689 (Iowa 2014).

When a person files a petition for termination of parental rights in accordance with section 600A.5, the person must serve notice on all necessary parties.  Iowa Code § 600A.6(1).  The notice "may be served personally or constructively" and must include "[a] statement that the person against whom a proceeding for termination of parental rights is brought shall have the right to counsel pursuant to section 600A.6A."[2]  *Id.* § 600A.6(3).  Where a party's address

---

[2]  The notice is also required to provide, "The time and place of the hearing on termination of parental rights," and "[a] clear statement of the purpose of the action and hearing."  Iowa Code § 600A.6(3)(a), (b).

is known, as here, the notice "shall be served in accordance with [Iowa] [R]ule of [C]ivil [P]rocedure 1.305 or sent by certified mail restricted delivery, whichever is determined to be the most effective means of notification." *See id.* § 600A.6(4). "Proof of service of notice in the manner prescribed shall be filed with the juvenile court prior to the hearing on termination of parental rights." *Id.* § 600A.6(6).

We note the "Order Setting Hearing" contained the information required by section 600A.6(3), specifically stating C.S. had "the right to be represented by an attorney at the hearing" and an attorney would be appointed for him if he could not afford to hire one. The acceptance of service signed by C.S., however, does not state he received the "Order Setting Hearing," as it mentions only the original notice and petition for termination of parental rights.

C.S. signed an acceptance of service stating he "received the Original Notice and Petition for Termination of Parental rights filed in this case and accept service of these documents." Section 600A.6(6) states, "Proof of service of notice in the manner prescribed shall be filed with the juvenile court prior to the hearing on termination of parental rights." However, there is not a copy of this notice in the record. The acceptance of service signed by C.S. is proof he received what is designated as "the Original Notice," but the record does not contain proof the notice C.S. received contained the information required by section 600A.6.

The record does not show C.S. received notice containing the information required by section 600A.6(3), including a statement he "had the right to counsel pursuant to section 600A.6A." *See id.* § 600A.6(3)(c). Under section 600A.6(6), it was improper to hold the termination hearing without proof of this notice in the record. We determine the order terminating C.S.'s parental rights must be

reversed. We remand to the juvenile court, where notice in accordance with section 600A.6 should be served on C.S. and proof of the service of notice placed in the record, prior to any rehearing on the merits of the petition to terminate C.S.'s parental rights. On remand, if C.S. requests the assistance of counsel and is financially unable to employ counsel, then counsel should be appointed for him. *See id.* § 600A.6A.

To the extent C.S. raises constitutional issues, we conclude those issues were not presented to the juvenile court or ruled on by the court, and so error was not preserved. *See In re N.W.E.*, 564 N.W.2d 451, 456 (Iowa Ct. App. 1997) (noting in termination proceedings, as in other proceedings, error must be preserved before we will address an issue on appeal).

We reverse the decision of the juvenile court and remand for further proceedings. We do not retain jurisdiction.

**REVERSED AND REMANDED.**